IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE #9, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-05016 |
| WYNDHAM HOTELS AND RESORTS, INC., LA QUINTA HOLDINGS INC., and CPLG TX PROPERTIES L.L.C., | § § § § | |
| Defendants. | § § § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS & MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

I.   PRELIMINARY STATEMENT

Wyndham Hotels & Resorts, Inc. ("WHRI"), La Quinta Holdings Inc. ("LQH"), or CPLG TX Properties L.L.C. ("CPLG TX") (collectively, "Defendants") seek to dismiss Plaintiff's TVPRA claim because Plaintiff has not pled the basic elements for such a claim. Rather, Plaintiff's theory of liability is untethered to the language of the statute because it is premised on the notion that the TVPRA imposes an affirmative legal duty on private businesses to prevent trafficking. Plaintiff already has amended her Complaint several times, and any further amendments would be futile. The Complaint should be dismissed with prejudice.

II.   ARGUMENTS & AUTHORITIES

A.   **The Complaint Does Not Allege Forced Or Coerced Commercial Sex Activity.**

The TVPRA "targets commercial sex activity that is forced or coerced; it does not address commercial sex activity generally." *Doe 1 v. Red Roof Inns, Inc., et al.*, 1:19-CV-03840-WMR, 2020 WL 1872335, at *3 (N.D. Ga. Apr. 13, 2020); 18 U.S.C. § 1595(a); 18 U.S.C. § 1591(a) (". . . means of force, threats of force, fraud, coercion as described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act . . . ."). Plaintiff resorts to vague and conclusory allegations that she was victimized at the Facility, but the Complaint does not include well-pled factual allegations that she was forced or coerced to engage in commercial sex activity against her will. *See* Dkt. 27, at 7-8. Plaintiff's opposition offers no rebuttal, and the Complaint should be dismissed. *See, e.g.*, *Kelsey v. Goldstar Estate Buyers Corp.*, 3:13-CV-00354-HU, 2014 WL 1155253, at *6 (D. Or. Mar. 21, 2014) (dismissing TVPRA claim where the complaint "regurgitate[ed]" the statute's language "woven together with conclusory statements and a generous use of 'and/or'").

### B. The Complaint Does Not Allege That Defendants Participated In A TVPRA "Venture."

Plaintiff first states that the TVPRA does not require Defendants to take affirmative steps to prevent trafficking, *see* Dkt. 29, at 6, but then premises her theory of liability on precisely that notion, arguing that the TVPRA requires businesses to "take affirmative steps . . . to prevent sex trafficking on their properties." Dkt. 29, at 9, 16-17. Plaintiff ignores that the TVPRA requires actual "participation" in a TVPRA "venture," and Plaintiff's arguments to the contrary are unpersuasive. In particular, Plaintiff cites cases from the Southern District of Ohio, including *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 969 (S.D. Ohio 2019) (Marbley, J.). In *M.A.*, the court declined to apply the definition of the phrase "participation in a venture" from Section 1591(e)(4) to Section 1595(a)'s civil remedy provision, reasoning that "applying the definition of 'participation in a venture' provided for in § 1591(e) to the requirements under § 1595 would void the 'known or should have known' language of § 1595." 425 F. Supp. 3d at 969. From there, Plaintiff contends that the TVPRA does not require a defendant's "participation" in the "venture" committing trafficking crimes.[1]

Defendants, however, do not rely on the definition of "participation in a venture" in Section 1591(e)(4). Rather, Defendants rely on Section 1591(e)(6)'s definition of "venture." That definition does not void any language in Section 1595(a). To the contrary, courts consistently rely

---

[1] Plaintiff focuses on the "differences between criminal liability and associated civil claims." Civil claims under Section 1595(a) and criminal claims under Section 1591(a)(2) only give rise to liability if a defendant knowingly benefited from participating in a TVPRA "venture" that commits trafficking crimes. *Compare* 18 U.S.C. § 1591(a)(2), *with* 18 U.S.C. § 1595(a). The only difference is that, under Section 1595(a), a plaintiff must show that a defendant "knew or should have known" of the venture's commission of trafficking crimes, whereas liability under Section 1591(a)(2) requires that a defendant knew or recklessly disregarded the venture's commission of trafficking crimes. *See Geiss v. Weinstein Co. Holdings LLC,* 383 F. Supp. 3d 156, 169 n.5 (S.D.N.Y. 2019) ("Apart from the constructive knowledge provision, the operative language of the TVPA civil remedy and the underlying criminal statute are identical.").

on Section 1591(e)(6)'s definition of "venture" when construing civil claims brought under the TVPRA. *See, e.g.*, *Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017); *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019); *Jean-Charles v. Perlitz,* 937 F. Supp. 2d 276, 288 n.11 (D. Conn. 2013); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1137 (D. Colo. 2019). Under that definition, participants in a TVPRA "venture" must be "associated in fact." 18 U.S.C. § 1591(e)(6).

For persons to be "associated in fact," they must operate as a "continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009); *see also* Dkt. 27, at 8-12. Plaintiff does not offer any argument to the contrary. Even under the Ohio cases on which Plaintiff relies, the court required allegations showing "a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A.*, 425 F. Supp. 3d at 970; *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-CV-1194, 2020 WL 1244192, at *6 (S.D. Ohio Mar. 16, 2020) (Marbley, J.). The Complaint lacks allegations suggesting that any of the Defendants "associated in fact," had a "continuous business relationship," or had a "tacit agreement" with Plaintiff's alleged trafficker(s).

### C.  The Complaint Does Not Allege That Defendants "Knew Or Should Have Known" That Plaintiff Was Trafficked.

Plaintiff cites Paragraphs 80-89 and 103-104 of the Complaint in suggesting that Defendants knew or should have known that she was trafficked, but those conclusory allegations do not suggest that anyone at the Facility witnessed any conduct from which they could or should have determined that Plaintiff was being victimized.[2] Plaintiff's primary argument is that the

---

[2] *See Lawson v. Rubin*, 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018) (dismissing TVPRA claim against owner of condominium complex, reasoning that two incidents

hospitality industry is generally aware that commercial sex activity sometimes occurs at hotels. *See* Dkt. 29, at 12-13.  Allegations of general knowledge are insufficient; the text of Section 1595(a) requires that a defendant "knew or should have known" about trafficking crimes by a particular TVPRA "venture."  *See* 18 U.S.C. § 1595(a); *Doe 1*, 2020 WL 1872335, at *1 (striking allegations from complaint concerning general knowledge about sex trafficking in the hotel industry generally); *Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017) ("Plaintiffs argue that Rubicon and Wales knew or should have known that Phatthana allegedly engaged in [trafficking] based on general reports about human trafficking in Thailand and letters by advocacy groups . . . criticizing the working conditions at Phatthana's Songkhla factory. . . . Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed at Phatthana's Songkhla factory."). Plaintiff also argues that Defendants were willfully blind, but there are no well-pled allegations that Defendants subjectively believed, but deliberately avoided confirming, that a third-party criminal was trafficking Plaintiff.  *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).[3]

---

involving first responders did not give rise to a reasonable inference that owner knew or should have known about commission of trafficking crimes by lessee of condo unit); *compare*, *Ricchio*, 853 F.3d at 555 (overturning dismissal of TVPRA claim against hotel operators, the Patels, where the trafficker's "coercive and abusive treatment" of the plaintiff "as a sex slave had become apparent to the Patels"); *M.A.*, 425 F. Supp. 3d at 962 (alleging that hotel staff ignored pleas for help after the plaintiff was "beaten or choked"); *H.H. v. G6 Hosp., LLC*, 2:19-CV-755, 2019 WL 6682152, at *1 (S.D. Ohio Dec. 6, 2019) (Marbley, J.) (alleging that housekeeping staff observed plaintiff physically restrained at hotel and ignored her pleas for help).

[3] Citing *M.A.*, Plaintiff argues further that the failure to implement policies sufficient to combat a known problem in one's operations can rise to the level of willful blindness.  *M.A.*, however, relies on a case analyzing a claim under 42 U.S.C. § 1983.  Dkt. 29, at 12 (citing *Brown v. Corr. Corp. of Am.*, 603 F. Supp. 2d 73, 81 (D.D.C. 2009)).  *Brown* dealt with issues specific to *respondeat*

### III. CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons, Defendants respectfully request that the Court GRANT their Motion and Dismiss the Second Amended Complaint with prejudice, or, in the alternative, strike Paragraphs 28-50 and 105-109 from the Second Amended Complaint.

Dated: June 11, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

*Of Counsel*:
David S. Sager, *pro hac vice*
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078
T: 973.520.2570
F: 973.215.2604
david.sager@dlapiper.com

– and –

Christopher B. Donovan
S.D. Tex. Bar No.: 3120082
Tex. Bar No.: 24097614
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T: 713.425.8400
F: 713.425.8401
christopher.b.donovan@dlapiper.com

By: /s/ Allissa A.R. Pollard
Allissa A.R. Pollard
*Attorney-in-Charge*
S.D. Tex. Bar No.: 982820
Tex. Bar No.: 24065915
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
T: 713.425.8400
F: 713.425.8401
alllissa.pollard@dlapiper.com

*Counsel for Defendants Wyndham Hotels & Resorts, Inc., La Quinta Holdings, Inc., and CPLG TX Properties L.L.C.*

---

*superior* liability in the context of Section 1983 claims. That case also dealt with allegations concerning particular individuals at a facility, as opposed to the general knowledge Plaintiff pleads in this case. *Brown* is readily distinguishable. *Compare Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 757 (Tex. 1998) ("For a landowner to foresee criminal conduct on property, there must be evidence that other crimes have occurred on the property or in its immediate vicinity. . . . [M]erely because several crimes have occurred at a particular ATM located in a high-crime area does not render it more likely that future crimes will occur at every ATM the bank owns.").

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

>/s/ *Christopher B. Donovan*
>Christopher B. Donovan
>S.D. Tex. Bar No.: 3120082
>Tex. Bar No.: 24097614